IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW R. PURDUM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICAN EXPRESS, c/o CT CORPORATION | : | NO. 23-4138 |

| | | |
|---|---|---|
| ANDREW R. PURDUM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICAN EXPRESS, c/o CT CORPORATION | : | NO. 23-4141 |

## MEMORANDUM

**Padova, J.**                                                                                                      **March 4, 2024**

In these twin actions, Plaintiff Andrew R. Purdum asserts identical state law claims against Defendant American Express, c/o CT Corporation for breach of contract, fraud in concealment, misrepresentation, constructive fraud, and civil theft for a stolen promissory note, as well as a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.  For the reasons that follow, we dismiss the TILA claims in both actions and remand the actions to state court.

### I.    BACKGROUND

Plaintiff commenced these two actions in a Magisterial District Court in Lancaster County, Pennsylvania and subsequently obtained judgments against Defendant in that court.  Defendant appealed those judgments to the Court of Common Pleas of Lancaster County ("Lancaster CCP"). Thereafter, in accordance with Pennsylvania procedure, Plaintiff filed new complaints, which he subsequently amended, in the Lancaster CCP.  See Pa. R. Civ. P. M.D.J. 1004B.  Defendant then removed the cases to this Court on the basis of federal question jurisdiction stemming from Plaintiff's assertion of TILA claims.  Defendant has now moved to dismiss both Amended Complaints, arguing

that (1) they should be stricken in their entirety because Plaintiff failed to obtain Defendant's consent before filing his Amended Complaint, as is required by Pennsylvania Rule of Civil Procedure 1033, (2) they are premised on a frivolous theory of invalidating debts, and (3) they fail to state any claims upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Because we conclude that Plaintiff's TILA claims should be dismissed under Rule 12(b)(6), and also conclude that the cases should be remanded, we do not address Defendant's other arguments for dismissal.

## II.     LEGAL STANDARD

Rule 12(b)(6) authorizes motions to dismiss for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (citations omitted). In applying this standard, we accept as true all factual allegations in the complaint but disregard any legal conclusions lacking factual support. Iqbal, 556 U.S. at 678. And although we construe pro se complaints liberally, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013) (citations omitted).

## III.    DISCUSSION

As we understand Plaintiff's Amended Complaints, as further explained in Plaintiff's briefing, they allege that Plaintiff entered into a credit card agreement with Defendant, pursuant to which Defendant agreed to extend revolving credit to Plaintiff for consumer purchases. (Pl. Br. at 2 (citing Am. Compls. ¶¶ 1-4).) Plaintiff then made credit card purchases pursuant to this agreement. (Id.) Defendant, however, contrary to the agreement, failed to loan its own funds to Plaintiff and instead

accepted promissory notes from Plaintiff, consisting of Plaintiff's signature, pin, or other authorization of credit, and deposited those promissory notes into an account without permission. (Id. (citing Am. Compls. ¶¶ 5-6); Am. Compls. ¶ 4.) Defendant then falsely claimed that it had lent Plaintiff money. (Pl. Br. at 2 (citing Am. Compls. ¶¶ 24-25).) Plaintiff made repeated written requests for an accounting from Defendant, and Defendant failed to provide any records supporting the alleged transactions. (Id. (citing Am. Compls. ¶ 8).) Defendant also "failed to disclose all material terms as mandated by the TILA." (Id. (citing Am. Compls. ¶¶ 34-37).)

With regard to the TILA, the Amended Complaints assert that Defendant failed to provide complete disclosures regarding the terms and conditions of credit, in violation of 15 U.S.C. §§ 1601-1667. (Am. Compls. ¶ 35.) Specifically, Plaintiff asserts (1) that Defendant never disclosed that "as a borrower, Plaintiff would be the lender, creditor, and depositor of the alleged debt" (id. ¶ 33); (2) that Defendant violated 15 U.S.C. § 1666h,[1] which regulates the offsetting of credit card debt with funds from the cardholder's other accounts, "by offsetting their accounting records" (id. ¶ 36; Pl. Reply[2] at 14); and (3) that Defendant violated 15 U.S.C. § 1632(d)(5), which pertains to electronic disclosures (Pl. Reply at 15). Plaintiff further contends that Defendant's violations were "intentional, reckless, or negligent" for purposes of 15 U.S.C. § 1640a, which imposes civil liability for certain violations under the statute. (Am. Compls. ¶ 37; Pl. Reply at 15.)

Plaintiff first argues that Defendant "failed to disclose all material terms as mandated by TILA." (Pl. Opp. Br. at 2.) Specifically, Defendant allegedly failed to disclose that despite being the

---

[1] Although Plaintiff refers to 15 U.S.C. § 1666g in the Amended Complaints, he attaches the pertinent statutory section as an exhibit to each, making clear that the section on which he relies is 15 U.S.C. § 1666h. (See Am. Compls. ¶ 36 & Ex. E.)

[2] Although Plaintiff filed identical replies in both actions, their pagination differs due to a duplicate page in one of the replies. (See Docket No. 19 in Civ. A. No. 23-4141 at 8-9.) Throughout this Memorandum, while referring to both replies, we reference the page numbers from Plaintiff's reply in Civ. A. No. 23-4138.

putative borrower, "Plaintiff would be the lender, creditor, and depositor of the alleged debt." (Am. Compls. ¶ 33.) But Plaintiff points to no provision of the TILA requiring such a disclosure. The TILA defines "material disclosures" as:

> the disclosure, as required by this subchapter, of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and [disclosures required for certain mortgages].

15 U.S.C. § 1602(v). Title 15 U.S.C. § 1637 sets forth the disclosures required for open end consumer credit plans such as the one at issue here. Neither of these sections, nor any other that the parties or the Court have identified, require the disclosures that Plaintiff alleges Defendant failed to make. We therefore conclude that neither Amended Complaint states a plausible TILA claim based on failure to disclose material terms.

Plaintiff also asserts that Defendants violated 15 U.S.C. § 1666h. Section 1666h provides that "[a] [credit] card issuer may not take any [unauthorized] action to offset a cardholder's indebtedness arising in connection with a consumer credit transaction . . . against funds of the cardholder held on deposit with the card issuer." 15 U.S.C. § 1666h(a). Thus, to state a claim under this provision, Plaintiff must allege both that he became indebted to Defendant by using his credit card and that Defendant offset that indebtedness by seizing "funds" that Plaintiff "held on deposit" with Defendant. Id. Plaintiff, however, does not acknowledge any indebtedness to Defendant. Indeed, he alleges to the contrary that Defendant "fail[ed] to lend any money." (Am. Compls. ¶ 15.) Moreover, even if he had alleged indebtedness to Defendant, he does not identify any "funds" that he had on deposit with Defendant that could have been used to offset such indebtedness. Rather, Plaintiff alleges only that Defendant violated this provision by "offsetting [its] accounting records" when it "took his promissory notes, deposited them into a demand deposit account, then lent that money back to him." (Am. Compls. ¶ 36; Pl. Reply at 14.) Plaintiff may be seeking an inference that the promissory notes

he describes–his signatures and pin entries on credit purchases—are "funds" within the meaning of § 1666h, but such an inference is not plausible.  See Funds, Black's Law Dictionary (11th ed. 2019) (defining funds as "[m]oney or other assets, such as stocks, bonds, or working capital, available to pay debts, expenses, and the like"); see also Demmler v. Bank One NA, Civ. A. No. 05-322, 2006 WL 640499, at *4 (S.D. Ohio Mar. 9, 2006) ("While a promissory note may be a negotiable instrument, the note itself is not 'money.' It is nothing more than the acknowledgment of a debt and a promise to repay the debt at some date in the future."); Accord Awai v. USAA Fed. Sav. Bank, Civ. A. No. 20-632, 2020 WL 8736268, at *3 (W.D. Pa. July 20, 2020) (collecting cases rejecting theory that promissory note is itself "money'), report and recommendation adopted, 2021 WL 650513 (W.D. Pa. Feb. 19, 2021).  Furthermore, Plaintiff does not allege that these promissory notes were used to offset any indebtedness as prohibited by § 1666h, but only alleges that they were "received" or "stolen" by Defendant before being "deposited [] into a demand deposit account, then lent . . . back to him." (Am. Compls. ¶¶ 4, 9; Pl. Reply at 14.)  For each of these reasons, we conclude that neither Amended Complaint states a cognizable claim pursuant to § 1666h.

Finally, Plaintiff asserts that Defendant "has not clarified the terms needed for 15 U.S. Code § 1632." (Pl. Reply at 15.)  Plaintiff quotes, in part, § 1632(d), which requires that credit card agreements be posted to creditor websites and to the website for the Consumer Financial Protection Bureau. (Id.)  But Plaintiff does not allege that Defendant failed to post the credit card agreement on the internet as § 1632(d) requires.  Moreover, we cannot reasonably infer from Plaintiff's allegations that Defendant failed to post the agreement because Plaintiff specifically states only that the allegedly undisclosed terms were "never spelled out" in the agreement. (See Am. Compls. ¶ 33.)  We therefore hold that both Amended Complaints fail to state claims under § 1632(d).

As Plaintiff has failed to allege sufficient facts to permit a reasonable inference that Defendant violated the TILA, Plaintiff's TILA claims must be dismissed.  Moreover, we agree with other courts

dismissing similar claims that amendment would be futile because "no amendment could plausibly state a claim for relief under the theories advanced." Awai, 2020 WL 8736268, at *8 (citations omitted); see also Allah-Bey v. Roberts, 668 F. App'x 419, 421 (3d Cir. 2016) (affirming dismissal with prejudice of analogous claims). Accordingly, we dismiss Plaintiff's TILA claims with prejudice.

Having dismissed Plaintiff's federal claims, the anchor of our jurisdiction, we must consider whether to retain Plaintiff's state law claims. "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (quotation omitted); see also 28 U.S.C. § 1367(c)(3) (permitting district courts to decline exercise of supplemental jurisdiction when the court "has dismissed all claims over which it has original jurisdiction"). Here, given the early stage of the proceedings, we cannot conclude, and the parties do not contend, that there is any affirmative justification for retaining jurisdiction where Plaintiff's only remaining claims arise under state law. Accordingly, we remand both actions to the Lancaster CCP. An appropriate Order follows.

                BY THE COURT:

                /s/ John R. Padova, J.
                _____
                John R. Padova, J.